IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIGO IMPORTING COMPANY,**　　　　　　CASE No.: 8:16-cv-1494-T-23JSS

　　　　Plaintiff,

vs.

**NATIONAL FIRE INSURANCE**
**COMPANY OF HARTFORD,**

　　　　Defendants.
_____/

**CASE MANAGEMENT REPORT**

1.　　Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on *August 17, 2016* (check one) (X) by telephone (or) (____) at (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| *Michael V. Laurato* | *Plaintiff, Vigo Importing Co.* |
| *Julie Linhart, Esquire* | *Defendant, National Fire Insurance Company of Hartford* |

2.　　Initial Disclosures:

　　a.　Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34

the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a) (1).[1]

The parties (check one)

  X     have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before *September 1, 2016*.[2]

3. <u>Discovery Plan-Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

    a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

        (1) <u>Requests for Admission:</u>

        *The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

        (2) <u>Written Interrogatories:</u>

        *The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

        (3) <u>Requests for Production or Inspection:</u>

        *The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

---

[1] A party must make its initial disclosures based on the information then reasonable available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ.. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

    (4) Oral Depositions:

    *The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

  b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

    *February 27 2017.*

  c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

    *Within 30 Days of Obtaining Information*

  d. Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before:

    *March 27, 2017*

4.    Discovery Plan - Defendant: The parties jointly propose the following Defendant's discovery plan:

  a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1) Requests for Admission:

    *The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

    (2) Written Interrogatories:

    *The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

    (3) Requests for Production or Inspection:

    *The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

    (4) Oral Depositions:

*The parties have agreed to conduct discovery as provided by Fed. Rule Civ. P. 26(b)(2) and the applicable local rules.*

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:
*February 27, 2017*

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendantsø supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

*Within 30 days of Obtaining Information*

d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before:
*March 27, 2017*

5. <u>Joint Discovery Plan ó Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

*None anticipated at this time.*

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters:</u> Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

*None anticipated at this time.*

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:</u>

Parties agree that the final date for filing motions for leave to file third party claims and motions to join parties should be *January 10, 2017*.

The parties agree that the date for filing motions for summary judgment, and all other potentially dispositive motions should be *April 27, 2017*.

8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule

4

3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
 **X**  likely      (check one)
 __ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).     ___yes   **X** no     ___likely to agree in future

The parties agree to attempt to resolve this dispute through non-binding arbitration/mediation prior to trial.

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.
     ___yes    **X** no     ___likely to agree in future

10. Preliminary Pretrial Conference:

Track Two Cases: Parties
  ___ request      (check one)
  **X** do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after *October 10, 2017* and for trial on or after *November 13, 2017*. This Jury **X** Non-Jury ___ trial is expected to take approximately *3–4* days.

12. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. Other Matters:

5

<table>
<tr><td>

*/s/Michael V. Laurato*
MICHAEL LAURATO, ESQ.
Florida Bar No.: 181447
Attorneys for Plaintiff
AUSTIN & LAURATO, P.A.
1902 W. Cass Street
Tampa, Florida  33606
813-258-0624 - Telephone
813-258-4625  - Facsimile
Email: mlaurato@austinlaurato.com

</td><td>

*/s/ Julie K. Linhart*
JULIE K. LINHART, ESQ.
Florida Bar No.:  0571601
Attorney for Defendant
CAN COVERAGE LITIGATION GROUP
4631 Woodland Corp. Blvd, Ste 315
Tampa, Florida 33614
Telephone:  (813) 880-5165
Facsimile: (312) 260-6859
Email:  julie.linhart@cna.com

</td></tr>
</table>