UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIGO IMPORTING COMPANY,

    Plaintiff,

v.                                                         CASE NO. 8:16-cv-1494-T-23JSS

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD,

    Defendant.
_____/

**ORDER**

A non-party sued Vigo in another action for allegedly marketing Humboldt squid, which abound in the Pacific Ocean, as octupus, the population of which is scarce and which consequently demand a higher price. Vigo sues (Doc. 1) National Fire Insurance Company of Hartford for failing to defend and failing to indemnify Vigo in the fraud action as allegedly required by Vigo's policy with National Fire. Under Rule 12(f), Federal Rules of Civil Procedure, which permits the striking of a defense if "insufficient[,] . . . redundant, immaterial, impertinent, or scandalous," Vigo moves (Doc. 15) to strike several affirmative defenses.[*]

---

[*] Disfavored, a motion to strike is "infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing Wright & Miller, *Federal Practice and Procedure*, Vol. 5, § 1380 at 783 (1st ed. 1969)).

Vigo moves to strike the first, eleventh, seventeenth, nineteenth, and twenty-first through twenty-fifth affirmative defenses because each defense comprises a "formulaic recitation" of the defense's elements in contravention of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Interpreting Rule 8(a)(2)'s requirement that the complaint "show[] that the pleader is entitled to relief," *Twombly* requires a claimant to allege sufficient facts "to state a claim for relief that is plausible on its face." 550 U.S. at 570.

However, Rule 8(b)(1)(A), which governs a defense, requires only that a party "state in short and plain terms its defenses." Because under the rule's plain language a party need not "show" any fact to support an affirmative defense, *Twombly*'s sufficient-facts requirement is inapposite. *Moore's Federal Practice*, Vol. 2, § 8.08[1] (3d ed. 2016). National Fire's statement of each affirmative defense suffices.

Although not argued by Vigo, the first affirmative defense appears redundant. The affirmative defense pleads "any and all terms, conditions, exclusions, definitions, and limitations of the [policy]." Because National Fire pleads in each of affirmative defenses two through sixteen a specific policy term that avoids coverage, the first affirmative defense appears to plead generally what the second through sixteenth affirmative defenses plead granularly. Rule 12(f) permits the striking of the first affirmative defense as redundant.

Also, Vigo argues that the eleventh affirmative defense violates Rule 9(b), which requires a party to plead fraud with particularity. Because the affirmative

defense states that a policy term relieves National Fire's defending or indemnifying Vigo in the non-party's fraud action, Rule 9(b) is inapposite. Even if Rule 9(b) applied, National Fire's countersuit adequately explains that Vigo's alleged mislabeling of squid as octupus triggers policy exclusion (b). (Doc. 13 at 13–19, which describes in detail the allegations in the fraud action; Doc. 13 at 26–35, which denies liability in accord with policy exclusion (b) and several other policy terms)

Also, Vigo argues that the twenty-fifth affirmative defense violates Rule 15(a)(2), which permits the amendment of a pleading (other than an amendment as a matter of course under Rule 15(a)(1)) only with the consent of the court or of the other party. The affirmative defense, which "reserves [the] right to amend [the a]nswer to assert" any defense that National Fire unearths during discovery, is legally insufficient because Rule 15 confers no right to amend unilaterally the answer. If discovery reveals a defense not asserted, National Fire may move under Rule 15(a)(2) for leave to amend.

## CONCLUSION

*Twombly*'s sufficient-facts requirement lacks application to Rule 8(b)(1)(A), which requires only that a pleading state a defense shortly and plainly. Because the eleventh, seventeenth, nineteenth, and twenty-first through twenty-fourth affirmative defenses each states plainly a defense and because each defense includes no material within Rule 12(f)'s prohibition, the defenses are proper. However, Rule 12(f) permits the striking of the first affirmative defense as redundant and of the twenty-fifth

affirmative defense as legally insufficient.  Accordingly the plaintiff's motion (Doc. 15) to strike several affirmative defenses is **GRANTED IN PART** and **DENIED IN PART**.  The second through twenty-fourth affirmative defenses remain, but the first and twenty-fifth affirmative defenses are **STRICKEN**.

ORDERED in Tampa, Florida, on November 15, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE